Crandall v Equinox Holdings, Inc. (2022 NY Slip Op 04118)

Crandall v Equinox Holdings, Inc.

2022 NY Slip Op 04118

Decided on June 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 28, 2022

Before: Manzanet-Daniels, J.P., Oing, González, Scarpulla, Higgitt, JJ. 

Index No. 157373/18 Appeal No. 16227-16227A Case No. 2021-03227, 2021-03228 

[*1]Shane Crandall, Plaintiff-Appellant,
v
Equinox Holdings, Inc. Doing Business as Equinox Fitness Club Doing Business as Equinox Greenwich Avenue, Inc., et al., Defendants-Respondents.

Held & Hines, LLP, Brooklyn (Marc Held of counsel), for appellant.
LaRocca Hornik Rosen & Greenberg LLP, New York (David N. Kittredge of counsel), for respondents.

Orders, Supreme Court, New York County (Arlene P. Bluth, J.), entered April 5, 2021 and April 26, 2021, which denied plaintiff's motion to compel discovery, determined that six years was a sufficient discovery lookback period, and denied plaintiff's request for the legal file from a 2007 lawsuit against defendant Equinox Holdings, Inc. d/b/a Equinox Fitness Club d/b/a Equinox, unanimously affirmed, without costs.
The motion court providently exercised its discretion in denying as overbroad plaintiff's motion to compel the disclosure of certain records related to all Equinox gyms in New York City (see Forman v Henkin, 30 NY3d 656, 661 [2018]). In contrast to the "unified public housing complex" that was the site of the criminal activity in Jacqueline S. v City of New York (81 NY2d 288, 295 [1993]), on which plaintiff relies, Equinox gyms are not party of a unified complex but are single facilities scattered throughout the city's five boroughs.
The court providently found that a six-year lookback period was appropriate and denied plaintiff's motion for disclosure of the legal file from another litigation against Equinox on the grounds that plaintiff appeared to have obtained sufficient material already from that lawsuit and that the events were remote in time. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 28, 2022